## LINGARD et al. v. BETA THETA PI HALL ASSOCIATION et al.

### S. F. No. 832; February 2, 1899.

#### 56 Pac. 58.

**Mechanics' Liens.**—In an Action to Foreclose a Mechanic's Lien, the complaint alleged the date of the completion of the building, and that the lien was filed on April 6, 1894, within thirty days thereafter. The answer denied "that within thirty days from and after the completion of said building, to wit, upon the sixth day of April, 1894, or at any other time, or at all," plaintiffs filed their claim of lien, containing a statement of their demand. Held, that the answer was but a denial of the time of filing the notice of lien, and of its sufficiency, and admitted the allegation of the time when the building was completed.

APPEAL from Superior Court, Alameda County.

Action by one Lingard and others against the Beta Theta Pi Hall Association and others to foreclose a mechanic's lien. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Garber, Boalt & Bishop and Wm. H. Jordan for appellants; Thomas F. Graber for respondents.

PER CURIAM.—Action for the foreclosure of a mechanic's lien. The only point urged in support of the appeal is

that the notice of a claim of lien was not filed in the recorder's office within thirty days after the completion of the building. It is alleged in the complaint that the building was completed on the 13th of March, 1894, and this allegation is not denied. It is also alleged that within thirty days of the completion of said building, to wit, on the sixth day of April, 1894, the plaintiffs filed for record their claim of lien, setting forth its contents. In their answer the defendants "deny that within thirty days from and after the completion of said building, to wit, upon the sixth day of April, 1894, or at any other time, or at all, plaintiffs did file for record their or any claim of lien, containing a statement of their demand," etc. This was but a denial of the time of filing the notice of lien, and of the sufficiency of its contents to create a lien, and cannot be construed as a denial of the allegation in the complaint of the time when the building was completed. This allegation must therefore be accepted as an admission upon the record of the date when the building was completed, and, as the court would not have been authorized to make a finding contrary to this admission, it is unnecessary to determine whether the evidence before it was sufficient to sustain its finding. The court finds that the notice of lien was filed on the sixth day of April, 1894, and the correctness of this finding is not disputed. The judgment and order are affirmed.